UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN YIN,

  Petitioner,

 v.

UNITED STATES OF AMERICA,

  Respondent.

CASE NO. 17-CV-1553-RAJ

ORDER

This matter comes before the Court on *pro se* Petitioner John Yin's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. Dkt.[1] # 1. For the reasons that follow, the Court **DENIES** Mr. Yin's motion.

**I. BACKGROUND**

From 2009 to mid-2015, Mr. Yin sold modified Point of Sale (POS) devices to local retail stores and restaurants. Crim. Dkt. #7 at 5. These modified POS devices allowed businesses to underreport sales to state and federal tax authorities and avoid

---

[1] "Dkt." refers to Mr. Yin's current 28 U.S.C. § 2255 claim, 17-cv-01553-RAJ. "Crim. Dkt." refers to the docket for the underlying criminal case, 16-cr-00314-RAJ. Finally, "Garnish. Dkt." refers to the docket for the garnishment action taken by the Government against Mr. Yin for his failure to pay restitution, 17-cv-01284-JLR.

paying taxes on those unreported sales. *Id.* at 7. The Government charged Mr. Yin with Wire Fraud and Conspiracy to Defraud the Government on November 29, 2016. Crim. Dkt. #1. Mr. Yin entered into a plea agreement on December 2, 2016. Crim. Dkt. #7. In that agreement, Mr. Yin pled guilty to Wire Fraud and Conspiracy to Defraud the Government in violation of 18 U.S.C. §§ 1343 and 371. *Id.* at 2. Mr. Yin also agreed to pay restitution in the amount of $3,445,589.00 to the Washington State Department of Revenue and the United States Treasury. *Id.* at 4. This amount approximated the amount of unpaid and unreported taxes attributed to the use of modified POS devices supplied by Mr. Yin. Crim. Dkt. #7 at 7. The plea agreement included a provision that Mr. Yin would receive credit towards his restitution debt for "any amounts already paid." *Id.* at 4.

On April 14, 2017, the Court sentenced Mr. Yin to eighteen months of imprisonment and ordered him to pay restitution in accordance with his plea agreement. Crim. Dkt. #23. During the sentencing hearing, the Government clarified the plea agreement's restitution section that granted Mr. Yin credit for "amounts already paid." The Government stated that Mr. Yin would receive restitution credit for any payments of unpaid taxes made by businesses that used modified POS devices supplied by Mr. Yin. Crim. Dkt. #25 at 14. The Government also agreed to assist Mr. Yin and his counsel, Mr. Davis, in tracking these payments for purposes of calculating Mr. Yin's remaining restitution debt. *Id.* at 16.

Following sentencing, Mr. Yin failed to begin paying restitution. On June 21, 2017, the court issued a Writ of Continuing Garnishment to Mr. Yin and T. Rowe Price, the holder of Mr. Yin's retirement accounts. Garnish. Dkt. #3. On August 7, 2017, having received no restitution payment from Mr. Yin, the Government moved to have the court enter a garnishment order directing T. Rowe Price to transfer eligible funds from Mr. Yin's retirement account to the court as payment towards his restitution debt. Garnish. Dkt. #7 at 2–3.

Mr. Yin's attorney challenged the Government's motion on August 17, 2017, asserting that the garnishment writ was improperly served and that Mr. Yin's retirement funds were protected from the proposed garnishment order. Garnish. Dkt. #9 Ex. 1. Mr. Yin also simultaneously attempted to challenge the Government's motion *pro se*. Garnish. Dkt. #11. As a part of his challenge to the garnishment motion, Mr. Yin made a claim of ineffective assistance of counsel. Garnish. Dkt. #14 at 4. Mr. Yin claimed that Mr. Davis was ineffective in negotiating his plea agreement because the agreement did not include a clear and precise method to account for the credit he was to receive for any tax payments made by businesses that used his modified POS devices. *Id*.

The court ordered Mr. Yin's *pro se* filings stricken because he was still represented by Mr. Davis at the time of his response to the garnishment motion. Garnish. Dkt. #17. Mr. Davis then moved to withdraw from representing Mr. Yin because of Mr. Yin's claims of ineffective assistance of counsel. Garnish. Dkt. #18. The court granted Mr. Davis's motion on October 5, 2017. Garnish. Dkt. #21.

On October 19, 2017, Mr. Yin filed this Petition for a Writ of Habeas Corpus asking for relief pursuant to 28 U.S.C. § 2255, claiming a violation of his Sixth Amendment right to the assistance of counsel. Dkt. #1.

**II.   LEGAL STANDARD**

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a proceeding under § 2255 unless a circuit judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).

## III. DISCUSSION

### A. Restitution Claims Under § 2255

Section 2255 is only available to prisoners claiming the right to be released from custody. *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002); 28 U.S.C. § 2255(a). A petitioner's request for relief from a restitution order cannot be made under § 2255. *Thiele*, 314 F.3d at 401. Mr. Yin's petition, while claiming a violation of his Sixth Amendment right to counsel, is essentially challenging the validity of his restitution order. Mr. Yin premises his Motion on the claim that his attorney, Mr. Davis, was ineffective because Mr. Davis did not ensure his plea agreement was clear on the issue of restitution. Dkt. #1 at 4. Mr. Yin makes no claim that his guilty plea and subsequent imprisonment was unconstitutional because of ineffective assistance of counsel. Dkt. #5 at 1. *See also Kaminski v. United States*, 334 F.3d 84, 89 (2d Cir. 2003) ("Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties."). Because Mr. Yin does not challenge his imprisonment—and only challenges the accounting method for his restitution debt—he cannot obtain the relief he desires through a § 2255 petition.

### B. Ineffective Assistance of Counsel

To the extent that Mr. Yin is challenging the validity of his plea agreement, he fails to show that Mr. Davis' representation was objectively unreasonable. A claim for ineffective assistance of counsel requires a showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the claimant was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. In applying this first prong, courts have a strong presumption "that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*,

562 U.S. 86, 104 (2011) (quotation marks and citation omitted). For habeas petitions claiming ineffective assistance of counsel, courts do not have to address the second prong of the *Strickland* test if the petitioner cannot establish that counsel's representation was objectively unreasonable. *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

Mr. Yin bases his ineffective assistance of counsel claim on the argument that Mr. Davis omitted "a critical restitution obligation accounting requirement as a part of his plea agreement." Dkt. #5 at 2 (the "critical restitution obligation" referred to is the credit he should receive towards his restitution for tax payments made by businesses that used modified POS devices). He avers that payments made by "coconspirators . . . must be made a part of the contract and the record in this cause." *Id*. Because of these alleged errors, Mr. Yin states that he "*could* have received a better plea bargain." Dkt. #1 at 4 (emphasis added).

Mr. Yin's plea agreement states that Mr. Yin will "receive credit for any amounts already paid." Crim. Dkt. #7 at 4. If there was any ambiguity regarding the restitution credit owed to Mr. Yin in the plea agreement, the Government's courtroom statements during sentencing should have removed all doubt. During sentencing, the Government explained that "amounts paid by the restaurants [using modified POS devices] . . . should be credited to Mr. Yin's restitution obligation." Crim. Dkt. #25 at 14. Mr. Yin presents no evidence of any errors in his plea negotiations or sentencings that rise to the level of effectively depriving him of effective counsel. The plea agreement's plain language, taken together with the Government's clarification in its sentencing statements, discredit Mr. Yin's contention that a "critical restitution obligation" was omitted from the plea agreement "contract."

Mr. Yin's claims do not overcome the strong presumption that "counsel's representation was within the wide range of reasonable professional assistance." *Harrington*, 562 U.S. at 104. Mr. Yin provides no legal authority that supports his contention that counsel must precisely define how credits for restitution debt should be

incorporated into a plea agreement in order to provide effective assistance of counsel. Mr. Davis's representation was reasonable because he (1) negotiated a plea agreement in which Mr. Yin would receive credit for tax payments made by other parties and (2) worked with the Government on a system that would periodically update Mr. Yin on the amount of credit that had been applied to his restitution debt. Crim. Dkt. #14 at 9–10; Crim. Dkt. #25 at 16; Crim. Dkt. #17 at 2–3 and Ex. 2. Because Mr. Yin has not established that Mr. Davis's representation was objectively unreasonable, the Court does not need to address the second prong of *Strickland* at this time. *See Siripongs*, 133 F.3d at 737.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Yin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. #1) and directs the clerk to **DISMISS** this action and enter judgment for the Government. The Court finds that reasonable jurists would not debate the resolution of this motion. Accordingly, the Court declines to issue a certificate of appealability. *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 19th day of April, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge